Monell, J. (concurring).
It does not appear, with any distinctness, that the execution, under which the sheriff subsequently levied upon and sold the property seized under the attachments, was issued upon a judgment in favor of these defendants in the action in which the attachments were granted. It does appear, *13 however, that the subsequent levy and sale was under an execution which these defendants had issued, and it may, perhaps, be assumed that it was issued upon a judgment in their favor and against the plaintiff.
The amount of the judgment is not stated ; nor does it appear, from the papers before us, what was the amount of the defendants’ claim. If, therefore, the sum obtained by the sheriff on the sale was more than sufficient to satisfy the defendants’ execution, the surplus would be applicable to the claims' of the other attaching creditors. In that event, their attachments would hold to the extent of such surplus, and their existence would be available to the defendants in this action, in mitigation, pro tanto, of damages.
Upon such a state of facts, it would have been erroneous to have excluded the evidence and levy of such attachments, even although it was not set up in the defendants’ answer. Going merely in mitigation of damages, it need not have been pleaded (Travis v. Barger, 24 Barb. 614).
But the defendants had not furnished sufficient evidence to make their offer available. If the sale by the sheriff was under an execution in their favor, and their judgment was sufficient to exhaust the whole proceeds of sale, then the subsequent attachments were no lien upon any of the property ; and no part of the proceeds went to the plaintiff’s benefit, in satisfying the claims of other creditors.
Upon the proof, therefore, before the court, the offer to prove the attachments was properly overruled, and the case is brought directly within Lyons v. Yates, 52 Barb. 237, and Peak v. Lemon, 1 Lans. 295.
Every intendment is in favor of sustaining the judgment ; and it was incumbent on the defendants to show clearly a state of facts, leaving nothing to inference or implication, which would have made the evidence they offered proper.
*14 Having failed to show such facts, it was proper for the learned justice at the trial to assume that the whole proceeds of the sale were applied to the defendants’ execution, leaving nothing for the other creditors to attach.
Upon such assumption, the attachments could furnish no proof in mitigation of damages.
The judgment should he affirmed.
Note by Reporters. —The foregoing case was partially yet imperfectly reported in the 34th Superior Court Reports, page 315, owing to the fact of a mistake in the abstract of the case furnished to the reporters. This mistake is now corrected, and the opinions fully reported.